UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
**Northern Division**
Civil Action No.: 2:23-CV-14-BO-BM

UNITED STATES OF AMERICA, for the use and benefit of CAROLINA MARINE STRUCTURES, INC.,

  PLAINTIFF,

   v.

JOINT FORCES CONSTRUCTION, LLC, *et al.,*

  DEFENDANTS,

---

JOINT FORCES CONSTRUCTION, LLC,

  COUNTERCLAIM PLAINTIFF,

   v.

CAROLINA MARINE STRUCTURES, INC., *et al.,*

  COUNTERCLAIM DEFENDANTS.

### CAROLINA MARINE STRUCTURES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Plaintiff, the United States of America, for the use and benefit of Carolina Marine Structures, Inc. and Counterclaim Defendant ("CMS"), by counsel, for its Answer and Affirmative Defenses to the Counterclaim filed by Joint Forces Construction, LLC ("JFC"), states as follows:

### ANSWER AND AFFIRMATIVE DEFENSES

#### Parties

1. CMS admits the allegations in Paragraph 1 of the Counterclaim.

2. CMS admits the allegations in Paragraph 2 of the Counterclaim.

3. CMS lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of the Counterclaim. To the extent an answer is required, CMS denies them.

## Jurisdiction

4. The allegations contained in Paragraph 4 of the Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, CMS admits that this court has jurisdiction over this action.

5. The allegations contained in Paragraph 5 of the Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, CMS admits that venue is proper in this Court as this is the district within which the subject contract was performed.

## Facts

6. CMS admits the allegations of Paragraph 6 of the Counterclaim.

7. In response to Paragraph 7 of the Counterclaim, CMS states that the Subcontract speaks for itself. To the extent the allegations in Paragraph 7 are inconsistent with the Subcontract, they are denied.

8. In response to Paragraph 8 of the Counterclaim, CMS states that the Subcontract speaks for itself. To the extent the allegations in Paragraph 8 are inconsistent with the Subcontract, they are denied.

9. In response to Paragraph 9 of the Counterclaim, CMS states that the Subcontract speaks for itself. To the extent the allegations in Paragraph 9 are inconsistent with the Subcontract, they are denied.

10. CMS admits the allegations of Paragraph 10 of the Counterclaim.

11. CMS admits the allegations of Paragraph 11 of the Counterclaim.

12. In response to Paragraph 12 of the Counterclaim, CMS admits only that mobilization to the project began in early January 2022. All other allegations contained in Paragraph 12 of the Counterclaim are denied.

13. In response to Paragraph 13 of the Counterclaim, CMS admits only that it requested a change order for differing conditions after the Quible survey showed additional amounts to be dredged that were over the USCG's initial estimate for base depths. CMS denies all other allegations contained in Paragraph 13 of the Counterclaim.

14. CMS denies the allegations contained in Paragraph 14 of the Counterclaim.

15. In response to Paragraph 15 of the Counterclaim, CMS admits only that it submitted a letter to JFC on February 13, 2022. All other allegations contained in Paragraph 15 of the Counterclaim are denied.

16. In response to Paragraph 16 of the Counterclaim, CMS admits only that it entered into the Change Order, which speaks for itself. CMS denies that the Change Order required CMS to dredge to a depth of -9 as alleged in Paragraph 16 of the Counterclaim. All other allegations contained in Paragraph 16 of the Counterclaim are denied.

17. In response to Paragraph 17 of the Counterclaim, CMS admits only that it submitted a pay application to JFC for the work CMS had performed. CMS denies the remaining allegations of Paragraph 17 of the Counterclaim.

18. CMS denies the allegations contained in Paragraph 18 of the Counterclaim.

19. In response to Paragraph 19 of the Counterclaim, CMS admits only that JFC submitted a Notice to Cure on March 30, 2022. CMS denies the remaining allegations of Paragraph 19 of the Counterclaim.

20. In response to Paragraph 20 of the Counterclaim, CMS admits only that it contacted JFC on March 31, 2022. CMS denies the remaining allegations contained in Paragraph 20 of the Counterclaim.

21. In response to Paragraph 21 of the Counterclaim, CMS admits only that it engaged a company that completed a "pole and plate method" survey, which is approved by the Coast Guard and recommended for the area of the Project due to the suspended sediments present. CMS denies the remaining allegations of Paragraph 21 of the Counterclaim.

22. CMS denies the allegations of Paragraph 22 of the Counterclaim.

23. In response to Paragraph 23 of the Counterclaim, CMS admits that the "pole and plate method" for the after-dredge survey is not the same methodology as the before-dredge survey conducted by Quible. CMS used the "pole and plate method" as it is more accurate for surveying the Project area given the shallow depths and presence of suspended sediments.

24. In response to Paragraph 24 of the Counterclaim, CMS admits only that a 200khz survey is one approved method by the Coast Guard for surveying dredge areas. CMS denies the remaining allegations of Paragraph 24 of the Counterclaim.

25. In response to Paragraph 25 of the Counterclaim, CMS admits only that JFC terminated the Subcontract for alleged default. CMS denies the remaining allegations of Paragraph 25 of the Counterclaim.

26. In response to Paragraph 26 of the Counterclaim, CMS states that the Subcontract speaks for itself. CMS denies the remaining allegations of Paragraph 26 of the Counterclaim.

27. CMS denies the allegations contained in Paragraph 27 of the Counterclaim.

28. CMS denies the allegations contained in Paragraph 28 of the Counterclaim.

29. The allegations contained in Paragraph 29 of the Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, CMS denies them.

30. In response to Paragraph 30 of the Counterclaim, CMS states that the Subcontract speaks for itself. CMS denies the remaining allegations of Paragraph 30 of the Counterclaim.

31. CMS lacks sufficient information to either admit or deny the allegations of Paragraph 31 of the Counterclaim, and therefore CMS denies them.

32. CMS lacks sufficient information to either admit or deny the allegations of Paragraph 32 of the Counterclaim, and therefore CMS denies them.

33. CMS denies the allegations contained in Paragraph 33 of the Counterclaim.

34. CMS denies that it failed to comply with the terms of the Subcontract as alleged in Paragraph 34 of the Counterclaim. CMS admits only that JFC hired Hayden Frye. CMS lacks sufficient knowledge to either confirm or deny the remaining allegations contained in Paragraph 34 of the Counterclaim and therefore denies them.

35. CMS admits the allegations contained in Paragraph 35 of the Counterclaim.

36. In response to Paragraph 36 of the Counterclaim, CMS admits only that Hayden Frye submitted their survey. CMS lacks sufficient knowledge to either confirm or deny the remaining allegations contained in Paragraph 36 of the Counterclaim and therefore denies them.

37. CMS denies the allegations contained in Paragraph 37 of the Counterclaim.

38. In response to Paragraph 38 of the Counterclaim, CMS admits only that JFC shared the Hayden Frye survey to CMS. CMS denies all other allegations in Paragraph 38 of the Counterclaim.

39. CMS denies the allegations in Paragraph 39 of the Counterclaim.

40. In response to Paragraph 40 of the Counterclaim, CMS admits only that it requested JFC get permission from the Coast Guard to conduct a 33khz survey of the dredge area to penetrate through the suspended sediment. CMS denies all other allegations in Paragraph 40 of the Counterclaim.

41. In response to Paragraph 41 of the Counterclaim, CMS states that the Coast Guard's response to JFC's RFI speaks for itself. The RFI response cannot change or add contract terms after-the-fact. To the extent the allegations in Paragraph 41 are inconsistent with the Subcontract, they are denied. CMS denies the remaining allegations of Paragraph 41 of the Counterclaim.

42. In response to Paragraph 42 of the Counterclaim, CMS admits only that JFC notified CMS of the Coast Guard's response to JFC's RFI. CMS denies the remaining allegations of Paragraph 42 of the Counterclaim.

43. CMS denies the allegations in Paragraph 43 of the Counterclaim.

44. CMS denies the allegations in Paragraph 44 of the Counterclaim.

45. The allegations contained in Paragraph 45 of the Counterclaim contain conclusions of law to which no answer is required. CMS admits only that JFC terminated the Subcontract by letter dated December 9, 2022. To the extent an answer is required for the remaining allegations of Paragraph 45, CMS denies them.

46. In response to Paragraph 46 of the Counterclaim, CMS denies it failed to complete the Subcontract. CMS lacks sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 46 of the Counterclaim and therefore denies them.

47. CMS lacks sufficient knowledge to either admit or deny the allegations of Paragraph 47 and therefore denies them.

## Counterclaim

### Count 1 – Breach of Contract (Against CMS)

48. CMS incorporates its responses to Paragraphs 1-47 as if fully stated herein.

49. The allegations contained in Paragraph 49 of the Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, CMS denies them.

50. CMS denies the allegations contained in Paragraph 50 of the Counterclaim.

51. CMS denies the allegations contained in Paragraph 51 of the Counterclaim.

52. CMS denies the allegations contained in Paragraph 52 of the Counterclaim.

53. CMS denies the allegations contained in Paragraph 53 of the Counterclaim.

54. CMS denies the allegations contained in Paragraph 54 of the Counterclaim.

55. CMS denies the allegations contained in Paragraph 55 of the Counterclaim.

56. CMS denies the allegations contained in Paragraph 56 of the Counterclaim.

57. CMS denies the allegations contained in Paragraph 57 of the Counterclaim.

58. CMS denies the allegations contained in Paragraph 58 of the Counterclaim.

59. CMS denies the allegations contained in Paragraph 59 of the Counterclaim.

60. CMS denies all allegations of the Counterclaim not expressly admitted and demand strict proof thereof.

The "WHEREFORE" Paragraph is JFC's prayer for relief to which a response is not required; however, to the extent an answer is required, CMS denies that JFC is entitled to the requested relief.

### Affirmative Defenses

1. CMS incorporates as affirmative defenses all allegations and claims in its Complaint.

2. CMS denies liability to JFC in any way, amount, or manner.

3. CMS denies JFC is entitled to recovery or relief as alleged or otherwise, either factually or legally.

4. If CMS breached the Subcontract, which is denied by CMS, JFC's claims against CMS are barred because JFC first materially breached the Subcontract.

5. JFC defaulted on its obligations under the Subcontract, including, but not limited to, by failing to timely pay CMS for work it completed.

6. JFC violated the Prompt Payment Act by failing to pay CMS.

7. JFC's claims are barred by the doctrine of unclean hands.

8. JFC failed to mitigate its damages by refusing all cure opportunities.

9. JFC's claims are barred by the doctrine of estoppel.

10. Even if JFC's claims were valid, is denied by CMS, they are more than offset by amounts JFC owes CMS.

11. CMS reserves the right to amend its affirmative defenses to add additional affirmative defenses developed through discovery, further investigation, or trial.

WHEREFORE, CMS respectfully requests that this Court enter judgment in CMS' favor against JFC, dismiss JFC's Counterclaim with prejudice, award CMS its costs and attorneys' fees, and grant CMS all other just and necessary relief.

Dated: July 31, 2023					**CAROLINA MARINE STRUCTURES, INC.**

By: */s/ W. Ryan Snow*
 W. Ryan Snow, VSB No. 47423
 K. Barrett Luxhoj, VSB No. 86302
 Crenshaw, Ware & Martin, P.L.C.
 150 W. Main Street, Suite 1923
 Norfolk, VA 23510
 Telephone: (757) 623-3000
 Facsimile: (757) 623-5735
 wrsnow@cwm-law.com
 kbluxhoj@cwm-law.com
 Attorney for Carolina Marine Structures, Inc.


 */s/ James L. Chapman, IV*
 James L. Chapman, IV
 Crenshaw, Ware & Martin, P.L.C.
 150 W. Main St., Ste. 1923
 Norfolk, VA 23510
 (757) 623-3000
 Fax: (757) 623-5735
 jchapman@cwm-law.com
 NC Bar. No. 25122
 Local Civil Rule 83.1(d) Attorney for Carolina Marine Structures, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I electronically filed the foregoing Carolina Marine Structures, Inc.'s Answer and Affirmative Defenses to Counterclaim with the Clerk of Court using the CM/ECF system which will send notification of such filing to the Defendants Joint Forces Construction, LLC and Westfield Insurance Co.

         /s/ W. Ryan Snow
W. Ryan Snow, VSB No. 47423
Crenshaw, Ware & Martin, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
wrsnow@cwm-law.com
Attorney for Carolina Marine Structures, Inc.